THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:23-cr-00028-MR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| ALLEN LEE HENSON, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Transfer from State Custody to Federal Custody. [Doc. 30].

On April 4, 2023, the Defendant Allen Lee Henson was charged in a Bill of Indictment with two counts of distributing methamphetamine and one count of possession with intent to distribute methamphetamine, all in violation of 21 U.S.C. § 841(a)(1). [Doc. 3]. The Defendant made his initial appearance on April 12, 2023, at which time counsel was appointed. An arraignment was held on April 17, 2023, at which the Defendant pled not guilty, waived his right to a detention hearing, and was detained. On May 25, 2023, the Defendant, through counsel, filed a motion for pretrial release, citing his poor health and arguing that the Cherokee County Jail, where he

is currently housed, is inadequately able to provide him necessary medical care. [Doc. 16]. Following a hearing, the Magistrate Judge entered an Order denying the Defendant's motion. [Doc. 17]. While noting that the Defendant had presented evidence sufficient to rebut the presumption of detention, the Magistrate Judge concluded that detention was nevertheless warranted based a number of factors, including: the Defendant's prior criminal history, his history of alcohol or substance abuse, his lack of stable employment, and his prior violations of probation, parole or supervised release. [Id. at 3]. The Magistrate Judge further stated that "while [the Defendant's] current medical issues are noted, detention is appropriate, though [the Defendant] may move to re-open the detention hearing, as may be allowed by law, if additional information becomes available." [Id.].

On June 12, 2023, attorney Andrew Brooks made an appearance as retained counsel for the Defendant. [Doc. 20]. After seeking admission to this Court, attorneys Katryna Spearman and Murdoch Walker, II also made appearances as retained counsel. [See Docs. 23, 26].

On September 6, 2023, counsel for the Defendant filed the present motion, seeking an Order transferring the Defendant "from state custody to federal custody" so that he may receive medical treatment at a Federal

2

Medical Center. [Doc. 30 at 1]. The Defendant represents in his motion that the Government does not oppose his request. [Id. at 2].

As an initial matter, the Court notes that the Defendant is not, in fact, in state custody. As a federal pretrial detainee, the Defendant is in the custody of the United States Marshals Service (USMS) but being held at the Cherokee County Jail pursuant to a contract between the USMS and that facility. Thus, the Defendant's assertion that he is currently in state custody is erroneous.

Moreover, the Defendant's motion is procedurally improper. To the extent that he is challenging the adequacy of the medical care he is receiving, such claim is redressable through the filing of an action pursuant to 42 U.S.C. § 1983 against those state officials allegedly acting with deliberate indifference to his serious medical needs. See Hill v. Nicodemus, 979 F.2d 987, 990 (4th Cir. 1992) (holding that provision of medical care to pretrial detainees is governed by Due Process Clause of Fourteenth Amendment rather than Eighth Amendment's prohibition against cruel and unusual punishment). Such a claim is not redressable here in his criminal action.

Even if the Defendant's motion were properly presented to this Court in this action, it would still be denied. The Court has received a status update

3

Case 1:23-cr-00028-MR-WCM   Document 32   Filed 09/08/23   Page 3 of 4

from the USMS regarding the Defendant's medical condition and his current plan of treatment. [Doc. 31]. Upon review of this status report, the Court concludes that the Defendant is receiving appropriate medical care and treatment at his current facility.[1]

For all these reasons, the Defendant's Motion to Transfer is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Transfer from State Custody to Federal Custody [Doc. 30] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 8, 2023

Martin Reidinger
Chief United States District Judge

---

[1] The Court will also note that, in its experience, a transfer to a Federal Medical Center can take several months to accomplish, which would only serve to delay the Defendant's course of treatment.

4